IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and HOWARD McDOUGALL, as Trustee, | ) ) ) ) | Case No. 11 CV 92 |
| Plaintiffs, | ) ) | Judge Ronald Guzman |
| v. | ) ) | Magistrate Judge Morton Denlow |
| ANDERSON BROS. STORAGE AND MOVING CO., an Illinois corporation, | ) ) ) ) | |
| Defendant. | ) | |

**PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**

**NOW COME** Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall, trustee (collectively, the "Pension Fund"), pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, and hereby move this court for entry of a default judgment against Defendant Anderson Bros. Storage and Moving Co. ("Anderson"). In support of this motion, the Pension Fund states as follows:

**A.  Background Information**

1. On January 7, 2011, the Pension Fund filed a Complaint against Anderson in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., to recover delinquent employer contributions due and owing to the Pension Fund by Anderson, as well as interest, liquidated damages, and attorneys' fees and costs.

2. This Court has subject-matter jurisdiction over this action and venue properly lies in this District because the Pension Fund is administered in Rosemont, Illinois. 29 U.S.C. §§1132(e)(1) and (e)(2). (Affidavit of Juan J. Beaton at paragraphs 4 and 5, which is attached hereto as Exhibit A and incorporated herein by reference (hereinafter, "Beaton Aff., Ex. A, ¶ ").)

3. The Pension Fund receives contributions from numerous employers pursuant to collective bargaining agreements by and between the employers and various local unions affiliated with the International Brotherhood of Teamsters ("IBT"). (Beaton Aff., Ex. A, ¶ 6.)

4. All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing benefits to participants and beneficiaries of the Pension Fund and paying the administrative expenses of the Pension Fund. (Beaton Aff., Ex. A, ¶ 6.)

5. The Pension Fund's records indicate that Anderson has been bound by a collective bargaining agreement entered into with Local Union No. 705 of the IBT ("Local 705") since March 16, 2006. Pursuant to the provisions of the collective bargaining agreement, Anderson was required to pay monthly employer contributions to the Pension Fund on behalf of certain of its employees. (Beaton Aff., Ex. A, ¶ 7.)

6. Anderson also entered into a Participation Agreement with Local 705 that required Anderson to pay contributions to the Pension Fund. (Beaton Aff., Ex. A, ¶ 8.)

7. Pursuant to the terms of the Participation Agreement, Anderson also agreed to be bound by the Pension Fund's Trust Agreement and all of the rules and regulations promulgated by the Pension Fund's Board of Trustees. (Beaton Aff., Ex. A, ¶ 9.)

8. The Pension Fund relies upon employers to self-report the work history of eligible employees. Under this self-reporting system, participating employers initially establish a base group of employees for whom contributions are due. Thereafter, the employer is required to notify the Pension Fund on a monthly basis of any changes in the employment status of individuals covered by the collective bargaining agreement (e.g., layoffs, new hires, terminations, etc.). If no changes are reported by the employer, the Pension Fund assumes that the same employees are still working and bills the employer accordingly. The Pension Fund relies upon these reports submitted by employers to prepare a monthly contributions bill that is sent to the employers. Contributions for each calendar month are due 15 days after the end of the month (i.e., contributions due for January 2011 are due by February 15, 2011). (Beaton Aff., Ex. A, ¶ 10.)

9. Anderson self-reported the work history of its employees to the Pension Fund for the period January 2005 through November 2010. (Beaton Aff., Ex. A, ¶ 11.)

10. Anderson has not paid all employer contributions owed to the Pension Fund for the period of January 2005 through November 2010, and owes the Pension Fund the principal amount of $60,182.11 for said period. (Beaton Aff., Ex. A, ¶ 12.)

**B.     Service of Summons**

11.     On January 11, 2011, Anderson was served with a copy of the Summons and Complaint by service upon Brian Miller, its president. *See* Return of Service filed on January 18, 2011, which is attached hereto as Exhibit B. Anderson was required to file an answer or other responsive pleading to the complaint on or before February 9, 2011.

12.     Anderson has failed to file an answer or other responsive pleading to the Complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure.

**C.     Calculation of Requested Judgment Amount**

13.     Pursuant to 29 U.S.C. § 1132(g)(2), the Pension Fund is entitled to the following relief when prevailing in an action under 29 U.S.C. § 1145:

      (i)      the unpaid contributions;

      (ii)     interest on the unpaid contributions;

      (iii)    an amount equal to the greater of the interest or liquidated damages as provided under the Plan in an amount not in excess of twenty percent (20%) of the unpaid contributions; and

      (iv)    reasonable attorneys' fees and costs.

An award of these amounts is mandatory. *Cent. States, Se. & Sw. Areas Pension Fund v. Gerber Truck Serv., Inc.*, 870 F.2d 1148, 1156 (7th Cir. 1989) (en banc).

14.     Pursuant to 29 U.S.C. §1132(g)(2), Anderson owes the Pension Fund the principal balance of $60,182.11. (Beaton Aff., Ex. A, ¶ 12.)

15. Pursuant to 29 U.S.C. §1132(g)(2), interest is computed and charged at the rate set by the plan.

16. Pursuant to the terms of the Pension Fund's Trust Agreement, the Pension Fund is entitled to pre-judgment interest on the past due balance through February 14, 2010, computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, N.A. for the fifteenth (15th) day of the month for which the interest is charged and with said interest to be compounded annually. (Beaton Aff., Ex. A, ¶ 14.)

17. Pursuant to the terms of the Pension Fund's Trust Agreement, the Pension Fund is entitled to pre-judgment interest on the past due balance subsequent to February 14, 2010, computed and charged at an at an annualized interest rate equal to the greater of: (a) seven and one-half percent (7.5%) or (b) two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, N.A. for the fifteenth (15th) day of the month for which interest is charged. (Beaton Aff., Ex. A, ¶ 15.)

18. Through March 31, 2011, Anderson owes the Pension Fund the total amount of $6,877.93 in interest. (Beaton Aff., Ex. A, ¶ 16.)

19. Under 29 U.S.C. §1132(g)(2), the Pension Fund is entitled to the greater of interest on the unpaid contributions or liquidated damages of up to 20% of the unpaid contributions as provided under the plan. The Pension Fund's Trust Agreement provides for liquidated damages in the amount of 20% of the unpaid contributions. (Beaton Aff., Ex. A, ¶ 17.)

20. Anderson owes the Pension Fund the total amount of $12,036.42 in liquidated damages. (Beaton Aff., Ex. A, ¶ 18.)

21. Pursuant to the provisions of the Pension Fund's Trust Agreement and 29 U.S.C. § 1132(g)(2)(D), Anderson is required to pay all attorneys' fees and costs incurred in connection with this case. The attorneys' fees total $5,012.00 and costs total $457.00. (*See* paragraphs 7 and 8 of the Affidavit of Cathy L. Rath which is attached hereto as Exhibit C and incorporated herein by reference).

22. Under the Pension Fund's Trust Agreement, interest on a judgment entered against an employer is computed and charged at an annualized interest rate equal to the greater of: (a) seven and one-half percent (7.5%), or (b) two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, N.A. for the fifteenth (15th) day of the months for which the interest is charged, and with said interest to be compounded annually. (Beaton Aff., Ex. A, ¶ 19.)

**WHEREFORE**, Plaintiffs Central States, Southeast and Southwest Areas Pension Fund, and Howard McDougall, trustee, pray for entry of judgment as follows:

(A) For entry of judgment by default in the total amount of $84,565.46 in favor of Plaintiffs and against Defendant, Anderson Storage and Moving Co. This total amount is comprised of the following: (i) past due employer contributions in the principal amount of $60,182.11; (ii) delinquent interest in the amount of $6,877.93 through March 31, 2011; (iii) liquidated damages in the amount of $12,036.42; (iv) attorneys' fees in the amount of $5,012.00; and (v) costs in the amount of $457.00;

  (B) That this Court award Plaintiffs post-judgment interest computed at an annualized interest rate equal to the greater of: (i) seven and one-half percent (7.5%), or (ii) two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, N.A. for the fifteenth (15th) day of the month for which interest is charged, and with said interest to be compounded annually; and

  (C) For such other relief deemed just and proper.

        Respectfully submitted,

        */s/ Cathy L. Rath*
        Cathy L. Rath (ARDC #06275477)
        Attorney for Plaintiffs
        Central States, Southeast and
        Southwest Areas Pension Fund
        9377 W. Higgins Road
        Rosemont, Illinois 60018-4938
        (847)518-9800, Ext. 2343
March 31, 2011      crath@centralstatesfunds.org

## CERTIFICATE OF SERVICE

      I, Cathy L. Rath, one of the attorneys for the Plaintiffs, certify that on March 31, 2011, I caused the foregoing Plaintiffs' Motion For Default Judgment to be filed electronically. This filing was served on all parties indicated on the electronic filing receipt via the Court's electronic filing system.

                                                     /s/ Cathy L. Rath
                                                   Cathy L. Rath
                                                   One of Central States' Attorneys